UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARTIZE SEVION,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS REAGLE,<br>MAGGIE BRYANT,<br>CENTURION HEALTH OF INDIANA, LLC,<br>DANIELLE STASIAK,<br>KEVIN ORME,<br>WILLIAM CALLAHAN,<br>BOBBY LATOUR,<br>JEFFERY MEECE,<br>CHRIST ERTEL,<br>VINCENT STANLEY,<br>ANDY BAGIENSKI,<br><br>Defendants. | ) | No. 1:25-cv-01727-JPH-KMB |

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL AND DENYING WITHOUT PREJUDICE SUMMARY JUDGMENT MOTION**

**I. Motion for Counsel**

Plaintiff, Martize Sevion, has filed a motion for assistance recruiting counsel. Dkt. 51. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards

of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Plaintiff has attempted to contact multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655).

"The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Here, Mr. Sevion was part of a group of hundreds of past and present inmates at Pendleton Correctional Facility who alleged contamination of the water supply at Pendleton with the Legionella pathogen. *See Jackson v. Holcomb et al.*, No. 1:21-cv-03120-JPH-KMB. The Court recruited counsel for these plaintiffs, including Mr. Sevion, from a personal injury law firm. Mr. Sevion elected to leave the *Jackson* case as a plaintiff and to proceed pro se instead, after Magistrate Judge Barr discussed whether he truly wished to do so during an ex parte phone conference with Mr. Sevion and recruited counsel. *See Jackson*, dkt. 321. Since then, nearly 500 inmates accepted the terms of a settlement negotiated by Defendants and recruited counsel. *See id.*, dkt. 421. After Mr. Sevion elected to proceed pro se, the Court opened this action, in the

process incorporating many filings that had been drafted by recruited counsel, including the operative amended complaint. Dkt. 2. Mr. Sevion also received the benefit of a voluminous amount of discovery that had been conducted by recruited counsel Dkt. 61.

Besides that, Mr. Sevion's own pro se filings have always been highly coherent. He has a GED and no difficulty reading or writing English. He claims not to be "experienced in civil laws," but that is a drawback that virtually all pro se litigants and does not by itself warrant recruitment of counsel. He also states that he has gotten "bad reviews from courts" in other cases he has litigated.[1] Still, Mr. Sevion's lack of success in other cases he has brought it not necessarily a reflection on his abilities, as opposed to the merits of the cases he has elected to file.

The Court's available pool of possible pro bono attorneys is very small, and the vast majority of pro se prisoner plaintiffs request recruitment of counsel. Given that Mr. Sevion has already enjoyed many benefits from having recruited counsel during the *Jackson* litigation, which he has continued to receive, his free choice to decline continued representation by counsel, and his own abilities, the Court cannot conclude that it would be appropriate to recruit another attorney for Mr. Sevion. His motion for counsel is **DENIED**. Dkt. [51]. Moreover, Mr. Sevion should not file a renewed motion for counsel in the absence of a change of circumstances.

[1] Mr. Sevion has accumulated "three strikes" under the Prison Litigation Reform Act for purposes of being allowed to seek *in forma pauperis* status when filing civil cases in federal court. *See Sevion-El v. I.D.O.C. et al.*, No. 1:18-cv-01499-SEB-DLP, dkt. 10.

## II. Motion for Summary Judgment

Mr. Sevion has also filed a motion for summary judgment. Dkt. 66. Defendants have filed a motion to stay summary judgment proceedings until completion of discovery, and Mr. Sevion has filed a motion to strike Defendants' motion.

Defendants motion, dkt. [74], is **GRANTED** to the extent Mr. Sevion's motion for summary judgment, dkt. [66], is **DENIED without prejudice** as premature. Mr. Sevion's motion to strike Defendants' motion is **DENIED**. Dkt. [75]. The deadline for completing discovery specific to Mr. Sevion currently is January 22, 2027. Dkt. 72. Defendants cannot be expected to fairly respond to the summary judgment motion until discovery is complete. Mr. Sevion may renew his motion after discovery is complete if he so chooses.

## III. Conclusion

Mr. Sevion's motion for counsel is **DENIED**. Dkt. [51]. His motion for summary judgment is **DENIED without prejudice**. Defendants' motion to stay, dkt. [74], is **GRANTED** as indicated above, and Mr. Sevion's motion to strike Defendants' motion, dkt. [75], is **DENIED**. The motion for preliminary injunction, dkt. [55], remains under advisement.

**SO ORDERED.**

Date: 9/21/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MARTIZE SEVION
901684
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Michael J. Bently
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E Capitol Street
Suite 1000
Jackson, MS 39201